UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN LONDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-25-606-R |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is a pro se Complaint filed by Plaintiff against the State of Oklahoma. Pursuant to the inherent power to manage its docket, the Court has reviewed the Complaint and finds that it should be dismissed without prejudice for failure to state a claim. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Williams v. Madden*, 9 F. App'x 996, 997 n.1 (10th Cir. 2001) (noting agreement with *Mallard*); *Webster v. Palk*, No. 21-4057-JWB-GEB, 2021 WL 4893015, at *2 (D. Kan. Oct. 20, 2021) ("The court has inherent authority to dismiss a frivolous complaint sua sponte even where, as here, Plaintiffs have paid the required filing fee.").

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement

1

"serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The standard outlined in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) Thus, typically, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

Of course, in evaluating a complaint, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). And where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall*, 935 F.2d at 1110. But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.

Plaintiff's Complaint does not meet these standards. It asserts that the State of Oklahoma engaged in some sort of "fraudulent activity" having to do with "switching Identities of our private entities of the US government," putting the "all caps name KEVIN LONDON" under a "slave name" when it should be Native American or US government, and/or two state court cases where there is "Indian land involved." Plaintiff, who has identified himself in the Complaint as "US government x Kevin London," seeks "50 million for identity theft." The Complaint also includes several seemingly irrelevant attachments, including copies of legal statutes.

The allegations in the Complaint are largely incoherent and, even liberally construed, the Court cannot discern a cognizable legal claim or the facts underlying those claims. Further, the Complaint appears to be seeking monetary damages from the State of Oklahoma. However, the Eleventh Amendment bars suits in federal court for money damages against a state and its agencies. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). The Complaint fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests" and therefore does not comply with Rule 8. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and ellipses omitted).

Accordingly, Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. NO. 2] is DENIED as moot.

IT IS SO ORDERED this 10th day of June, 2025.

                                              */s/ David L. Russell*
                                              **DAVID L. RUSSELL**
                                              **UNITED STATES DISTRICT JUDGE**